IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:03-CV-963-BO(2)

FILED
JUN 2 8 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLK

| | |
|---|---|
| THE HERTZ CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GUIDER DETAIL, LLC, ) | |
| ) | |
| Defendant. ) | |

On June 24, 2005, the court conducted a hearing in this matter. Counsel for plaintiff The Hertz Corporation ("Hertz") and defendant Guider Detail, LLC ("Guider Detail") presented argument concerning three motions: Hertz's March 28, 2005 Motion for Sanctions for Untimely and Incomplete Expert Disclosures, Hertz's May 20, 2005 Motion for Leave to File a Second Amended Complaint and Amended Reply to Guider's Counterclaim, and Guider Detail's June 7, 2005 Motion for Sanctions.

At the hearing, Guider Detail withdrew its June 7, 2005 Motion for Sanctions. As explained herein, Hertz's motion to exclude the testimony of Guider Detail's expert witness is denied. Instead, the court assesses monetary sanctions against Guider Detail. Hertz's motion for leave to file a second amended complaint and amended reply is granted.

**STATEMENT OF THE CASE**

On December 23, 2003, Hertz filed a complaint against Guider Detail seeking a declaratory judgment on a contract dispute. On January 22, 2004, Hertz filed an amended complaint. On February 18, 2004, Guider Detail filed an answer and a counterclaim. On March 1, 2004, Guider Detail filed an amended answer and counterclaim.

faxed + served

On May 6, 2004, the parties jointly filed their discovery plan. On May 19, 2004, this court entered a scheduling order. That order set a deadline of August 13, 2004 for initial disclosures of expert witnesses and September 15, 2004 for initial disclosures of rebuttal expert witnesses. The order set a discovery deadline of November 8, 2004 and a dispositive motions deadline of December 17, 2004.

On August 12, 2004, Hertz served an expert report on Guider Detail. Guider Detail did not serve any initial expert disclosures or rebuttal disclosures. Pl. Mar. 28, 2005 Mem. at 2. On December 17, 2004, both Hertz and Guider Detail filed summary judgment motions.

On December 20, 2004, Hertz moved to extend the discovery period. Guider Detail opposed the motion. On February 17, 2005, the court extended the discovery deadline to April 22, 2005 and the dispositive motions deadline to May 23, 2005.

On March 23, 2005, Guider Detail submitted a supplemental interrogatory response which named Dr. Albrecht as an expert on economic damages. Pl. Mar. 28, 2005 Mem., Ex. 4. The supplemental interrogatory response did not include an expert report, any information regarding Dr. Albrecht's expert opinion, or the basis for Dr. Albrecht's opinion. Id.

On March 28, 2005, Hertz filed its motion for sanctions and a memorandum in support. On April 18, 2005, Guider Detail filed a response in opposition. On April 27, 2005, Hertz filed a reply.

On May 17, 2005, Guider Detail filed a notice of filing of the expert report and opinion of Dr. Albrecht. Also on May 17, 2005, the court entered an order extending discovery through June 10, 2005 and the dispositive motion deadline through July 11, 2005.

On May 20, 2005, Hertz filed a motion to amend its complaint and a memorandum in support. On June 7, 2005, Guider Detail filed a motion for Rule 11 sanctions and a memorandum in support of its Rule 11 motion and in opposition to Hertz's motion to amend. On June 10, 2005,

2

Hertz filed a reply memorandum in support of its motion to amend. On June 24, 2005, the court heard oral argument.

## DISCUSSION

### I. Motion for Sanctions for Untimely and Incomplete Expert Disclosures

Hertz argues that Guider Detail has "drastically exceeded the time limits for expert discovery set by this Court's Scheduling Order." Pl. Mar. 28, 2005 Mem. at 1. Accordingly, Hertz asks this court to "sanction Guider Detail by excluding the proposed expert testimony" and award reasonable attorney's fees. Id.

Guider Detail responds that Hertz's motion should be denied because Hertz lacks clean hands. Def. Apr. 18, 2005 Resp. at 2-4 (suggesting that Hertz failed to timely disclose its expert witnesses). In addition, Guider Detail argues that Hertz is not prejudiced by the late disclosure of Dr. Albrecht because Hertz had time to depose him within the extended discovery period. Id. at 4-6.

The court rejects Guider Detail's unclean hands argument. If Guider Detail believed that Hertz failed to properly make expert disclosures, Guider Detail should have addressed this alleged failure in its own motion.

Additionally, the court refuses to excuse Guider Detail's tardiness in providing an expert report because Hertz has had the opportunity to take Dr. Albrecht's deposition. See id. at 4-6. First, the order extending the discovery period did not alter the original order concerning the deadlines for providing expert reports. Second, an expert deposition is not a substitute for a timely expert report. Sometimes, a lawyer who receives a complete expert report will decide not to depose the expert and instead simply use the report to cross examine the witness at trial. If an expert deposition does take place, the expert report usually provides a valuable road map for the deposition. Under the Federal Rules of Civil Procedure and the scheduling order of this court, Hertz had the right

3

to receive an expert report before deposing Guider Detail's testifying expert. Guider Detail had an obligation to timely produce such an expert report, but failed to identify Dr. Albrecht until March 23, 2005 and failed to provide any report until May 17, 2005. As of oral argument on June 24, 2005, Guider Detail had failed to produce a complete report. Guider Detail's conduct has been prejudicial to Hertz.

Guider Detail's violation of this court's scheduling order implicates Fed. R. Civ. P. 16(f)[1] and Fed. R. Civ. P. 37(b)(2).[2] Guider Detail's failure to designate Dr. Albrecht and provide his

---

[1] Rule 16(f) provides:

If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

[2] Rule 37(b)(2) states, in part, that:

if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
    (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
    (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination . . . .
    In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

4

expert report in a timely fashion also implicates Fed. R. Civ. P. 37(c)(1)[3] to the extent that Guider Detail failed to disclose expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(c). Specifically, Rule 26(a)(2)(c) states that expert testimony "disclosures shall be made at the time and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(c).

Under controlling Fourth Circuit precedent, two separate analytical frameworks govern the imposition of sanctions under Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 37(c)(1). See Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595-98 (4th Cir. 2003). Because Guider Detail's conduct implicates both Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 37(c)(1), the court will consider both analytical frameworks. The court will not adopt the analytical framework set forth in Akeva v. Mizuno Corp., 212 F.R.D. 306 (M.D.N.C. 2002), but will consider the arguments made by the parties under the Akeva analytical framework insofar as they relate to the factors set forth by the Fourth Circuit.

As for Fed. R. Civ. P. 37(b)(2), "[t]he Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37." Anderson v. Found. for Advancement, Ed. & Employment of Am. Indians, 155 F. 3d 500, 504 (4th Cir. 1998). The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that non-compliance caused the adversary, (3) the need for deterrence of the particular sort

---

[3]Rule 37(c)(1) states:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).

5

of non-compliance, and (4) whether less drastic sanctions would be effective. Id. (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-05 (4th Cir. 1977)); see also Belk v. Charlotte-Mecklenburg Bd. of Ed., 269 F.3d 305, 348 (4th Cir. 2001) (en banc) (per curiam).

When considering whether to exclude evidence as a sanction under Fed. R. Civ. P. 37(c)(1) for failing to disclose information required by Rule 26(a)(2)(c) or 26(e)(1), or to amend a prior response to a discovery request as required by Rule 26(e)(2), "the four-factor test recited in Anderson and Belk, which includes bad faith, does not control the determination . . . ." Southern States, 318 F.3d at 597-98. Instead, the trial court, in its discretion, should consider the following five factors:

(1) the surprise to the party against whom the evidence would be offered;
(2) the ability of the party to cure the surprise;
(3) the extent to which allowing the evidence would disrupt the trial;
(4) the importance of the evidence; and
(5) the nondisclosing party's explanation for its failure to disclose the evidence.

Id. at 597; see also Adalman v. Baker, Watts & Co., 807 F.2d 359, 369-70 (4th Cir. 1986).

In reviewing the five factors pertinent to Fed. R. Civ. P. 37(c)(1), the court finds that Hertz was surprised by the untimely designation of Dr. Albrecht. Guider Detail missed the August 13, 2004 deadline for expert witness reports and waited until March 23, 2005 to identify Dr. Albrecht. Even at that point, however, Guider Detail did not provide an expert report. Rather, Guider Detail waited until May 17, 2005 to provide Dr. Albrecht's expert report. Moreover, that report is incomplete. If discovery did not need to be reopened in light of Hertz's motion to amend its complaint, the sanction of exclusion might be warranted. But because the court is going to grant the motion to amend and reopen discovery, the surprise to Hertz can be cured by receipt of a complete expert report and a deposition of Dr. Albrecht.[4] A trial date has not yet been set;

---

[4] Guider Detail is ordered to provide a complete expert report from Dr. Albrecht by July 8, 2005.

6

therefore, there is no issue of trial disruption.

As to the importance of the evidence, Guider Detail argues that the testimony of Dr. Albrecht is important to its case. Def. Apr. 18, 2005 Resp. at 6-7. Guider Detail states:

> As a newly formed company with an expectancy of future profits, an expert on lost profits would certainly assist the jury in determining the true value of damages if they find the damages provision in the contract is unenforceable. As this issue could potentially be central to a determination of the measure of damages suffered by Defendant it is clearly important.

Id. at 7.

If Dr. Albrecht's testimony is as important as Guider Detail maintains, Guider Detail should have moved more promptly to secure an economic expert and timely provide the expert's report to Hertz. Guider Detail admits that "[p]rior to the extension of the discovery period the Defendant did not have an expert on loss profits as Mr. David Guider testified in detail about said losses." Id. at 6. Nevertheless, the court finds that Dr. Albrecht's testimony is important to Guider Detail's case.

Finally, the court rejects Guider Detail's explanation for its failure to designate Dr. Albrecht or provide an expert report in a timely manner. Indeed, Guider Detail gave no substantial justification for its failure to designate Dr. Albrecht or provide an expert report in compliance with this court's scheduling order. See id. at 1-11. Rather, Guider Detail claimed that once discovery was extended into 2005, it decided to retain an expert. At that point, it supplemented an interrogatory response and identified Dr. Albrecht. Notably, Guider Detail never moved for leave to amend the scheduling order in order to extend the expert disclosure deadline.

The court will not exclude the testimony of Dr. Albrecht under Fed. R. Civ. P. 37(c)(1). The court is able to render Guider Detail's misconduct harmless to Hertz through the imposition of appropriate monetary sanctions. See Southern States, 318 F.3d at 596-97. An appropriate sanction is the reasonable expenses, including attorney's fees, incurred by Hertz in making the motion to

strike and in deposing Dr. Albrecht. Cf. Belk, 269 F.3d at 348 (affirming a district order in which the district court declined to exclude certain witnesses that were not timely disclosed, but instead continued the trial for one week to permit the depositions of the newly disclosed witnesses and held the party who made the untimely disclosures "accountable for the fees and expenses of these depositions").

Under Fed. R. Civ. P. 37(b)(2) and using the four-factor Anderson test, the court also finds that a monetary sanction rather than the sanction of excluding Dr. Albrecht's testimony is appropriate.

As to the first Anderson factor, the court finds that Guider Detail's explanation does not excuse its failure to timely disclose Dr. Albrecht and provide a complete expert report. Guider Detail's conduct rises close to the level of bad faith.

As to the second Anderson factor, Hertz has been prejudiced by Guider Detail's non-compliance. Hertz now has to prepare for and attend a deposition of an expert witness whom Hertz reasonably believed would not be in the case. This prejudice is exasperated by Guider Detail's delay in providing a complete expert report.

As to the third Anderson factor, the court does need to deter litigants and their counsel from disregarding deadlines in scheduling orders. The failure to abide by deadlines does impose costs on other parties in litigation. See Geiserman v. MacDonald, 893 F.2d 787, 792 (5th Cir. 1990). The court finds that a monetary sanction will deter the particular non-compliance arising in this case, and thus this lesser sanction would be effective.

Pursuant to Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2), and Fed. R. Civ. P. 37(c)(1), Guider Detail will be sanctioned. The sanction consists of paying for Hertz's reasonable expenses, including attorney's fees, incurred in making its March 28, 2005 motion for sanctions. Additionally,

8

because Guider Detail wishes to continue with Dr. Albrecht as an expert witness, Guider Detail must pay for Hertz's reasonable expenses, including attorney's fees, incurred in deposing Dr. Albrecht. This "remedy provides an appropriate incentive to . . . comply with the court's orders and provisions governing discovery contained in the Federal Rules." Coles v. Jenkins, 181 F.R.D. 569, 570 (W.D. Va. 1998); accord Belk, 269 F.3d at 348; Elf Atochem N.A., Inc. v. United States, 882 F. Supp. 1497, 1499 (E.D. Pa. 1995).

Hertz shall have until August 5, 2005 to depose Dr. Albrecht, if it so desires. If it chooses to retain a rebuttal expert to Dr. Albrecht, Hertz shall than have until August 19, 2005 to submit a report from one rebuttal expert. Guider Detail will be permitted to depose any such rebuttal expert during the discovery period.

## II. May 20, 2005 Motion to File Second Amended Complaint

### A. Applicable Legal Standard

The scheduling order for this case states: "motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion becomes known to the party or counsel." May 19, 2004 Order at 2. The court finds that Hertz's motion to amend falls within the time provided by the scheduling order. The scheduling order requires that the amending party proceed diligently upon receiving the information giving a basis for the amendment. Hertz redeposed David Guider on April 15, 2005 and filed its motion to amend the compliant on May 20, 2005. See Pl. June 10, 2005 Reply Mem. at 3. Given the time necessary to obtain a transcript and draft the motion, Hertz satisfied the requirement of the scheduling order, and the court considers the motion to amend pursuant to Fed. R. Civ. P. 15(a).

According to Fed. R. Civ. P. 15(a), "leave [to amend pleadings] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[D]elay alone is not a sufficient reason to deny a party

9

leave to amend its pleadings." Nat'l Bank v. Pearson, 863 F.2d 322, 327 (4th Cir. 1988). "The delay must be accompanied by prejudice, bad faith, or futility." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986); see also Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987); Nat'l Bank, 863 F.2d at 327.

B. Futility

With respect to futility, moving parties do "not have to prove all of the elements of their proposed count; it is sufficient that they demonstrate that there is some plausible basis in the record for their claim." Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 280 (4th Cir. 1987). Accordingly, the proposed claim must meet the requirements of Fed. R. Civ. P. 12(b)(6). See, e.g., Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 506 (4th Cir. 1992) (proposed claim unavailable to plaintiff and therefore futile). Additionally, Hertz's proposed fraud claim must meet the requirements of Fed. R. Civ. P. 9(b) and North Carolina law. See Frank M. McDermott, Ltd. v. Moretz, 898 F.2d 418, 421-22 (4th Cir. 1990).

Guider Detail attacks the proposed amended complaint as futile on two grounds. First, Guider alleges that Hertz has failed to state with particularity the basis of any alleged fraud in violation of Fed. R. Civ. P. 9(b), and that there is no specific evidence of the alleged kickbacks. Def. June 7, 2005 Mem. at 11-14. Second, Guider Detail argues that Hertz has failed to forecast any measure of damages suffered as a result of any alleged fraud. Id. at 14-16. Guider Detail also notes that Hertz's conspiracy and unfair and deceptive trade practice claims are based on Hertz's fraud claim, and argues that the failure of the fraud claim dooms the two additional claims.

The particularity requirement for fraud in Fed. R. Civ. P. 9(b) applies to the "time, place, and contents of the false representations, as well as the identify of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co.,

10

176 F.3d 776, 784 (4th Cir. 1999) (quotation omitted). The rule permits "conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive." Id. North Carolina requires a party alleging fraud to allege time, place, and content of the fraudulent representation, the identity of the person making the representation, and what was obtained as a result of the fraudulent act or representations. Terry v. Terry, 302 N.C. 77, 85, 273 S.E.2d 730, 733 (1985). The Second Amended Complaint identifies Ward and the defendants as the parties to the fraud, identifies the defendants' fraudulent actions and where they occurred, provides an approximate time for these activities, and alleges what was obtained as a result of the fraud. See Proposed Second Am. Compl. ¶¶ 48-54. Thus, Hertz has satisfied the requirements of Fed. R. Civ. P. 9(b) and North Carolina law. See Harrison, 176 F.3d at 984; Terry, 302 N.C. at 85, 273 S.E.2d at 733.

In addition to satisfying the particularity requirements of Rule 9(b), Hertz has satisfied the plausible basis in the record requirement of Island Creek. Hertz has forecast specific evidence of kickbacks. See Pl. June 10, 2005 Reply Mem. at 3-4. This evidence includes bank account records indicating potential cash transfers between David Guider and Ward and a $25,000 transfer from Guider Detail to Ward's business. Id.; see also June 24, 2005 Plaintiff's Notice of Filing. Thus, although Guider Detail hotly contests the evidence supporting the alleged kickback scheme, this factual argument is properly addressed at summary judgment, not in connection with a motion to amend.

As for damages, Hertz argues that, at a minimum, the damages would be the amount of the alleged kickbacks. Additionally, Hertz argues that damages would arise from the inflated price for services that Hertz paid to Guider Detail. Thus, according to Hertz, its damages would consist of, inter alia, the difference in the alleged fair market value for the services versus what Hertz paid.

Neither party has briefed the measure of damages under North Carolina law for an allegedly

11

fraudulent kickback scheme. Nevertheless, the court finds that Hertz's proposed damages theory has sufficient support under North Carolina law to survive Guider Detail's futility challenge. See Kewaunee Scientific Corp. v. Pegram, 130 N.C. App. 576, 503 S.E.2d 417 (1998).

In Kewaunee, the North Carolina Court of Appeals held that "commercial bribery harms an employer as a matter of law, and the proper measure of damages suffered must include at a minimum the amount of the commercial bribes the third party paid." Id. at 580, 503 S.E.2d at 419-420. In Kewaunee, "both the employee and the third party were 'clearly liable as a matter of well established law for the amounts improperly received . . . in undisclosed compensation.'" Id., 503 S.E.2d at 419 (quoting as persuasive Phillips v. Chemical Co. v. Morgan, 440 So. 2d 1292 (Fla. Dist. Ct. App. 1993)). The North Carolina Court of Appeals also held that the employee and third party defendants were liable for treble damages under N.C. Gen. Stat. § 75-1.1, and remanded the case to the jury for a finding of fact as to the total amount of the secret payments. Kewaunee, 130 N.C. App. at 480-481, 503 S.E.2d at 420.

In addition, other courts have adopted a similar damages theory. See generally United States v. Killough, 848 F.2d 1523, 1531-32 (11th Cir. 1988) (discussing civil action for fraud under the False Claims Act arising from kickback scheme and analyzing measure of damages); Twenty First Century L.P. I v. LaBianca, 2001 WL 761163, at **2-3 (E.D.N.Y. May 2, 2001) (analyzing kickback scheme under New York law). The court has not received the benefit of briefing on damages and does not adopt a particular damages theory at this time. The court merely holds that Hertz's proposed amended complaint is not futile.

C.  Prejudice and Bad Faith

Guider Detail asserts prejudice "by having to reply to baseless allegations and conduct additional discovery to disprove a theory which has no merit." Def. June 7, 2005 Mem. at 14.

12

Case 5:03-cv-00963-BO   Document 67   Filed 06/28/05   Page 12 of 14

Thus, Guider Detail's prejudice argument is essentially based on its futility argument. The court rejects this argument. Finally, the court rejects Guider Detail's contention that the motion to amend was made in bad faith.

## CONCLUSION

Hertz's motion for sanctions is GRANTED IN PART and DENIED IN PART. The court declines to strike Dr. Albrecht as an expert. Instead, the court imposes a lesser sanction pursuant to Fed. R. Civ. P. 16(f), 37(b)(2), and 37(c)(1). Accordingly, Guider Detail shall pay Hertz's reasonable expenses, including attorney's fees, incurred in making the motion to strike. Hertz's counsel shall submit an affidavit to the court by July 11, 2005 detailing the reasonable fees and expenses incurred in making its motion. Hertz shall serve the affidavit on Guider Detail. After receiving the affidavit, Guider Detail shall have until August 1, 2005 to file an objection with this court for any portion thereof. The court will then issue an order concerning an award of reasonable expenses, including attorney's fees, to Hertz. Guider Detail shall provide a complete expert report from Dr. Albrecht to Hertz by July 8, 2005. Hertz shall then have until August 5, 2005 to depose Dr. Albrecht. Within ten days after Hertz receives an invoice from the court reporter for the deposition of Dr. Albrecht, Hertz and Guider Detail shall follow the same process set forth above to determine Hertz's reasonable expenses and attorney's fees in deposing Dr. Albrecht. Guider Detail's response to Hertz's second affidavit will be due 20 days after Hertz files it.

Hertz's May 20, 2005 Motion for Leave to File a Second Amended Complaint and Amended Reply to Guider's Counterclaim is GRANTED. The second amended complaint and amended reply shall be filed by July 8, 2005. Defendants Guider Detail and David Guider shall file a responsive pleading no later than July 22, 2005. Any reply is due no later than July 29, 2005.

13

Discovery in this action is extended until September 2, 2005. As stated, Hertz shall have until August 5, 2005 to depose Guider Detail's expert, Dr. Albrecht. Hertz shall then have until August 19, 2005, to submit a report from one rebuttal expert. The defendants are permitted to depose any such rebuttal expert prior to September 2, 2005.

Each party shall have until October 3, 2005 to submit a new dispositive motion and memorandum, and until October 26, 2005 to submit a new response. Any reply shall be filed in accordance with the Local Rules. Each party is directed to include all of its arguments and factual support in these new dispositive motion papers. If a party chooses not to submit a new motion and memorandum, the party shall so advise the court, and the court will adjudicate its dispositive motion based on the briefs already submitted.

SO ORDERED. This the 28 day of June, 2005.

JAMES C. DEVER, III
United States District Judge

14

Case 5:03-cv-00963-BO   Document 67   Filed 06/28/05   Page 14 of 14